IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE E. STEVENSON, an individual on behalf of himself and all others similarly situated current and former employees,

        Plaintiff,

vs.

DOLLAR TREE STORES, INC., a Virginia corporation; DOES 1 through 50, Inclusive,[1]

        Defendant.

No. CIV S-11-1433 KJM DAD

<u>ORDER</u>

/

        This matter comes before the court on plaintiff's motion to remand filed on June 22, 2011. (ECF 9.) After initially submitting the motion on the papers the court held a

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants. *See Glass v. Fields*, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

telephonic hearing on October 12, 2011 to address questions it had submitted to the parties. Alfredo Torrijos appeared for plaintiff; Matthew Vandall and Keith Zanni appeared for defendants. Having carefully considered the parties' briefing and their positions as articulated at the telephonic hearing, and good cause appearing, plaintiff's motion is DENIED.

I. <u>PROCEDURAL HISTORY AND FACTS</u>

Plaintiff worked as a non-exempt assistant manager in one of defendant's Sacramento County, California stores and has brought this class action on behalf of "all other persons employed by Defendant in the position of Assistant Manager, a non-exempt position, at a California Dollar Tree retail stores [sic] owned and/or operated by Defendant . . . ." (Not. of Rem., Ex. A, Compl. ¶¶ 1, 5, ECF 1-1.) Plaintiff filed his complaint in Sacramento County Superior Court on April 22, 2011, alleging four causes of action: 1) failure to provide meal periods (or compensation therefor); 2) failure to compensate for hours worked; 3) failure to pay overtime compensation; and 4) unlawful, deceptive, and/or unfair business practices. (Compl.) Plaintiff seeks: 1) general damages; 2) loss of earnings; 3) restitution; 4) interest; 5) penalties; 6) costs of suit; and 7) attorneys' fees. (*Id.* at 11-12.) Defendant filed its answer on May 25, 2011. (Not. of Rem., Ex. B, ECF 1-2.)

Defendant removed the action to this court on May 26, 2011. (Not. of Rem., ECF 1.) Plaintiff filed the present motion to remand on June 22, 2011. (ECF 9.) Defendant filed its opposition on July 13, 2011. (ECF 12.) Plaintiff filed his reply on July 20, 2011. (ECF 15.)

II. <u>ANALYSIS</u>

    A.    Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or the defendants [] to the district court . . . ." 28 U.S.C. § 1441(a). The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), provides the district court with original jurisdiction in civil actions where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

and costs, and is a class action in which– (A) any member of a class of plaintiffs is a citizen or a State different from any defendant . . . ."

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863, F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction."). Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, 2011 U.S. Dist. LEXIS 23441, *6 (E.D. Cal. Mar. 8, 2011) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

  B. Application

Defendant removed this action in accordance with CAFA, 28 U.S.C. §§ 1332(d), 1441(b), and 1446. (Not. of Rem.) The only point of contention presently before the court is whether the requisite amount in controversy for CAFA removal is met. Plaintiff contends that defendant has failed to establish that the amount in controversy has been met. (Pl.'s Mem. of P. & A. ("Pl.'s Mem.") at 1, ECF 9.)

Although plaintiff contends in his motion to remand that the complaint "expressly limits the universe of potential meal periods at issue to instances where the assistant-manager worked as the sole managerial employee in the store" (Pl.'s Mem. at 2), defendant is correct in its assessment that the complaint is ambiguous and does no such thing. Plaintiff defines the class

he intends to represent as "[a]ll persons employed in a non-exempt, Assistant Manager position at a Dollar Tree store owned and/or operated by Defendant in the State of California during the relevant statutory period." (Compl. ¶ 17.) Plaintiff indicates he brings suit "to recover, *among other things*, unpaid compensation for meal periods not taken . . . ." (*Id*. ¶ 1 (emphasis added).) Indeed, only plaintiff's first cause of action, for failure to provide meal breaks (or compensation therefor), is specific to missed meal periods. (*Id*. ¶¶ 26, 28.) Two of his other causes of action – for failure to compensate for hours worked and failure to pay overtime compensation – refer to members of the proposed class not being paid for hours worked "*including but not limited to* meal period time . . ." (*id*. ¶¶ 31, 37 (emphasis added)); his fourth cause of action – for unlawful, deceptive, and/or unfair business practices – alleges defendant failed to provide "regular and overtime compensation for all hours worked . . . ." (*Id*. ¶ 42.) Moreover, plaintiff "alleges that Defendant engaged in standardized policies and practices of failing to pay the requisite compensation for all hours worked as to all [Assistant Managers]." (*Id*. ¶ 12.) While this could be read as only relating to missed meal periods, such a reading would be in conflict with plaintiff's allegation that defendant's "policy and practice" was failing to provide proper compensation for "lawful meal periods, *and* regular and overtime compensation for all hours worked as required by California law." (*Id*. ¶ 13 (emphasis added).) Moreover, while the complaint at one point vaguely states there were certain tasks that could only be performed by assistant managers when working as the sole managerial employees and that, as a result, assistant managers worked through their unpaid meal periods (*id*. ¶ 10), this allegation is not repeated with more clarity elsewhere in the complaint. Rather, the first cause of action alleges that assistant managers routinely worked in excess of five hours and were not provided with off-duty meal periods or compensated for missed meal periods, but does not state that this only happened when an assistant manager was the sole managerial employee. (*Id*. ¶ 26.)

Thus, defendant's contention, that the complaint "does not fairly lend itself to the interpretation that only meal periods earned while Assistant Managers worked as the sole

managerial employee in a store comprise the universe of potential meal breaks at issue . . ." (Def.'s Mem. at 11 (internal quotation omitted)), is not without merit. "Plaintiff is the 'master of [his] claim[s],' and if [he] wanted to avoid removal, [he] could have alleged facts specific to [his] claims which would narrow the scope of the putative class or the damages sought." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *13 (E.D. Cal. Apr. 30, 2007) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). As "the amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading," *Ray v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 53155, at *14 (C.D. Cal. May 9, 2011), the court does not consider plaintiff's attempts at clarification in his motion. In any event, the court "'must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Ellis v. Pacific Bell Telephone Co.*, 2011 U.S. Dist. LEXIS 16045, at *4 (C.D. Cal. Feb. 10, 2011) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

Although "the court resolves all ambiguity in favor of remand to state court," *Hunter*, 582 F.3d at 1042, the ambiguous nature of plaintiff's complaint does not prevent the court from determining the amount in controversy issue in defendant's favor where defendant has met its burden. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz*, 2007 U.S. Dist. LEXIS 31515, at *7 (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). While "[a] court 'cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture,'" *id*. at *8 (quoting *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007)), defendant here has met his burden by providing sufficient evidence that "it is 'more likely than

/////

5

not'" that the amount in controversy requirement is satisfied. *Abrego Abrego*, 443 F.3d at 683 (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

In its opposition to the present motion, defendant presents the calculations of a purported expert, Richard Goldberg, who reviewed data from defendant's COMPASS timekeeping system, finding that between April 2007 and May 2011 approximately sixty (60) percent of the shifts worked by assistant managers at defendant's 337 California stores had a period of five or more hours where another assistant manager was not present during the same five or more hour period. (Goldberg Decl. ¶¶ 3, 4, 11, ECF 14.) Defendant ultimately contends that by multiplying the number of total shifts worked by lone assistant managers by the average hourly rates earned by assistant managers, plaintiff's total claim for meal period premium wages is $5,780,135. (Def.'s Mem. at 6, 12.) Goldberg admits that his analysis does not account for periods during which a store manager may have been present. (Goldberg Decl. ¶ 7.) Nor does the analysis review meal punch data, thereby failing to account for missed meal periods during the time when one assistant manager was present at the store during a period of five or more hours. (*See* Def.'s Mem. at 6.) While defense counsel offered to supplement Goldberg's analysis at the telephonic hearing, the court declines to order supplementation, finding it unnecessary to resolve the question before it.

In the notice of removal, defendant used a different analysis: it divided in half the number of earned meal periods by all assistant managers, not just when the lone managerial employee was present, assuming that fifty (50) percent of meal periods were missed per week, and then multiplied this number by the average hourly rate, to determine that the amount in controversy for plaintiff's first cause of action was $4,629,234. (Not. of Rem. at 20-21.)

The court recognizes that neither of defendant's calculations is perfect or final, but also recognizes that plaintiff's complaint does not lend itself to precise calculations. While another court in this circuit has found that a defendant did not meet its burden where it could have provided, but did not, more allegation-specific calculations in determining the amount in

6

1  controversy, that decision is distinguishable because the plaintiff's complaint in that case was
2  more specific and thus susceptible of more specific calculations. *Nolan v. Kayo Oil Co.*, 2011
3  U.S. Dist. LEXIS 72256, at **3, 13 (N.D. Cal. Jul. 6, 2011).  Given plaintiff's allegations that
4  members of the class were "routinely" denied meal periods or not compensated for missed meal
5  periods, combined with his allegations regarding defendant's "policy and practice," it follows that
6  plaintiff is alleging each class member more often than not was the sole managerial employee on
7  duty and regularly uncompensated for missed meal periods.  Thus, the court is persuaded that
8  defendant's estimates are reasonable and that the amount in controversy more likely than not
9  satisfies the amount in controversy to support CAFA removal.
10              Furthermore, in determining waiting time penalties, defendant multiplied the
11 number of assistant managers terminated between April 22, 2007 and April 2011 – approximately
12 1,421 – by the managers' average hourly rate, and then multiplied again by the average hours
13 worked per day multiplied by thirty (30), which is the maximum number of days for which
14 waiting time penalties are allowable in accordance with California Labor Code § 203(a). (Not. of
15 Rem. ¶¶ 22-23; Def.'s Opp'n at 15-16.)  Defendant determined that the amount in controversy for
16 the waiting time penalty claim is $3,210,799.  Plaintiff contends that defendant lacks the
17 evidentiary support for this calculation, which is overly broad, because the complaint "seeks
18 waiting time penalties as a remedy for meal break violations." (Pl.'s Mem. at 9-10.)  Plaintiff's
19 complaint, with respect to this cause of action, is indeed specific to meal break violations;
20 however, this does not defeat defendant's calculation.  The class plaintiff purports to represent
21 comprises "[a]ll persons employed in a non-exempt, Assistant Manager position at a Dollar Tree
22 store owned and/or operated by Defendant in the State of California during the relevant statutory
23 period." (Compl. ¶ 17.)  Plaintiff alleges that members of the proposed class "routinely work in
24 excess of five hours, and/or multiples thereof [but do not receive] proper off-duty meal periods or
25 [compensation] for missed meal periods . . . ." (*Id*. ¶ 26.)  Defendant was reasonable in
26 estimating, based on plaintiff's allegations, that all members of the proposed class – all assistant

7

managers – would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty. *See Ellis*, 2011 U.S. Dist. LEXIS 16045, at *9 (C.D. Cal. Feb. 10, 2011) (where there is little evidentiary basis provided in a complaint, "courts must be persuaded that the estimates are made in good faith and are reasonable" to rely on); *but see Martinez v. Morgan Stanley & Co.*, 2010 U.S. Dist. LEXIS 80797, at *16 (S.D. Cal. Aug. 9, 2010) (such an estimate was "unsupported").  Finding otherwise would encourage ambiguous allegations that would allow alternative positions in the face of removal.

Finally, defendant has estimated that attorneys' fees would come out to twenty-five (25) percent of plaintiff's missed meal period and waiting time penalty claims, which would be approximately $1,960,008.  (Not. of Rem. ¶ 25.)  This is a reasonable calculation as "in California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement and, thus, in excess of $ 1 million." *Muniz*, 2007 U.S. Dist. LEXIS 31515, at *14 n.8.  As the amount in controversy for missed meal periods has not been established definitively the court only considers attorneys' fees that may be awarded based on the waiting time penalty, that is $802,699.75.  Thus, without including the amount in controversy for plaintiff's meal period claim, the amount in controversy is at least $4,013,498.75.  Plaintiff contention that this "percentage-of-recovery" method for determining attorneys' fees results in double counting, as it derives attorneys' fees amounts from the amount of recovery itself (Pl.'s Mem. at 10), is wholly unpersuasive.

Without determining a definitive amount in controversy as related to the meal period claim, the court is satisfied that more likely than not the amount in controversy in plaintiff's action, in the aggregate, is greater than five million dollars.

/////

/////

/////

III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

DATED: October 14, 2011.

_____
UNITED STATES DISTRICT JUDGE