*Counsel of Record listed on following page*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE E. STEVENSON, an individual; on behalf of himself and all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 11-CV-01433 KJM CKD<br><br>**STIPULATION AND PROTECTIVE AND FEDERAL RULES OF EVIDENCE, RULES 502(d) AND (e) CLAWBACK ORDER**<br><br>Complaint Filed: April 22, 2011<br>Trial Date: None Set |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

CASE NO. 11-CV-01433 KJM CKD

MAUREEN E. MCCLAIN, Bar No. 062050
Email: mmcclain@littler.com
CONSTANCE E. NORTON, Bar No. 146365
Email: cnorton@littler.com
AIMEE E. AXELROD, Bar No. 255589
Email: aaxelrod@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendant
DOLLAR TREE STORES, INC.


DYLAN POLLARD, Bar No. 180306
Email: dpollard@pollardbailey.com
MATT C. BAILEY, Bar No. 218685
Email: mbailey@pollardbailey.com
POLLARD  BAILEY
9701 Wilshire Blvd., 10th Floor
Beverly Hills, CA  90212
Telephone:    (310) 854-7650
Facsimile:    (310) 492-9934

MIKE ARIAS, Bar No. 115385
Email: marias@aogllp.com
ALFREDO TORRIJOS, Bar No. 222458
Email: atorrijos@aogllp.com
ARIAS, OZZELLO & GIGNAC, LLP
6701 Center Drive West, 14th Floor
Los Angeles, CA  90045
Telephone:    (310) 670-1600
Facsimile:    (310) 670-1231

Attorneys for Plaintiff,
Laurence E. Stevenson

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

CASE NO. 11-CV-01433 KJM CKD

1  Plaintiff Laurence Stevenson ("Plaintiff") and Defendant Dollar Tree Stores, Inc.
2  ("Defendant") (collectively the "Parties"), by their respective counsel, hereby stipulate and agree as
3  follows:

4  **WHEREAS**, the Parties anticipate that during the course of the above-captioned
5  litigation ("Action"), the Parties will produce or provide documents and information (including
6  electronic data), which one or more Parties contend contain trade secrets or other sensitive, private,
7  confidential or proprietary information;

8  **WHEREAS**, the Parties wish to protect the confidentiality of such documents and
9  information and to ensure that the Parties can obtain and pursue discovery with the minimum of
10 delay and expense;

11 **WHEREAS**, the Parties have agreed to stipulate to protect certain privileged and
12 otherwise protected documents, data (including electronically stored information), and other
13 information, including without limitation, metadata (collectively, "document" or "documents"),
14 against claims of waiver and inadvertent production in the event they are produced during the course
15 of this Action whether pursuant to a Court Order, a Parties' discovery request or informal
16 production.

17 **WHEREAS**, the Parties wish to comply with discovery deadlines and complete
18 discovery as expeditiously as possible, while preserving and without waiving any privilege,
19 including without limitation the attorney-client privilege, work product doctrine, or other applicable
20 privilege, applicable to the information contained in the documents produced, including as against
21 third parties and other Federal and State proceedings, and in addition to their agreement, need the
22 additional protections of a Court Order under Federal Rules of Evidence, Rule 502(d) and (e) to do
23 so.

24 **WHEREAS**, this Stipulation is designed to foreclose any argument the disclosure of
25 documents subject to a legally recognized claim of privilege, including without limitation the
26 attorney-client privilege, work product doctrine, or other applicable privilege, by the Producing
27 Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the
28 disclosure of privileged documents, that the Producing Party did not take reasonable or timely steps

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER               1.            CASE NO. 11-CV-01433 KJM CKD

1  to rectify such disclosure and/or acts as a waiver of applicable privileges or protections associated
2  with such documents.

3    **THEREFORE**, the Parties seek the entry of an Order, pursuant to Federal Rules of
4  Civil Procedure, Rule 26(c) and the Court's Status (Pretrial Scheduling) Order [Docket No. 32],
5  governing the disclosure of documents and information therein pertaining to "Confidential
6  Information" on the terms set forth herein, as well as an Order, pursuant to Federal Rules of
7  Evidence, Rule 502, governing the return of inadvertently produced documents and data and
8  affording the Parties the protections of Federal Rules of Evidence 502(d) and (e), on the terms set
9  forth herein.

10   **IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:**

11   1.   In connection with discovery and other proceedings in this Action, the Parties
12  may designate any document, thing, material, testimony or other information derived therefrom, as
13  "Confidential Information" under the terms of this Stipulated Protective Order ("Order"). Neither
14  Party shall designate any discovery material as "Confidential Information" without first making a
15  determination that the information is properly subject to protection under Federal Rules of Civil
16  Procedure, Rule 26(c) and that such protection is warranted in good faith. "Confidential
17  Information" shall not be disclosed except as provided for herein.

18   2.   "Confidential Information" includes any document, database, thing, material,
19  testimony, or other information derived therefrom, that the designating Party contends in good faith
20  should be protected on the grounds that it constitutes a trade secret under the law, or that it contains
21  research, development, commercial, operational, personal, sensitive, private, financial and tax,
22  business confidential or proprietary information. Sensitive, private personal information, includes
23  but is not limited to, social security numbers, driver's license numbers, and individuals' home
24  addresses and telephone numbers, the public disclosure of which would be detrimental to a Party's
25  competitive interests or the privacy rights of its current and former employees.

26   3.   Documents that are confidential under this Order shall be so designated by
27  writing, typing, stamping or otherwise affixing the legend "Confidential Information" (and such
28  other and further legend as may reasonably be included to specify such confidentiality) on copies of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER                    2.           CASE NO. 11-CV-01433 KJM CKD

the document. Stamping the legend "Confidential Information" on the cover of any multi-page document (or on the cover of a disc containing electronic data) shall designate all pages of the document as confidential, and all data contained on a disc as confidential, unless otherwise indicated by the producing party. Confidential documents (including deposition transcripts) also may be so designated after production by written communication and reproduction with a "Confidential Information" legend for purposes of substitution of the original documentation, and all Parties shall use their best efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

4. The inadvertent or unintentional disclosure of "Confidential Information" shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality. Any such inadvertently or unintentionally disclosed "Confidential Information" shall be designated as "Confidential Information" as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure and the producing Party shall provide counsel for the other Parties with a duplicate copy bearing the legend "Confidential Information," whereupon the unmarked copies will be returned or destroyed as directed by the Producing Party.

5. Portions of transcripts of depositions, in which any "Confidential Information" is quoted, paraphrased, discussed, or referred to, or in which the subject matter covered by any "Confidential Information" is discussed or referred to, shall be subject to the same confidential treatment as provided herein for the underlying "Confidential Information" and shall be designated as confidential. Requests for such Confidential treatment may be made at the deposition or at the latest within seven (7) calendar days after receipt of an official transcript thereof. All transcripts of depositions shall be treated as Confidential for at least that 7-day period.

6. Recognizing the legitimate confidentiality needs of the Parties, discovery responses marked Confidential pursuant to the definition set forth in Paragraph 2(a) herein shall only be used by the Parties to this Action, and no one else, for purposes of resolution of the claims asserted in this Action, any trial and appeal of this Action, and enforcement of any award or judgment thereon. Information designated as "Confidential Information" under this Order, and any summaries, copies (including electronic copies), abstracts, or other documents derived in whole or in

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER   3.   CASE NO. 11-CV-01433 KJM CKD

part from information, designated as Confidential, shall be used only by the Parties to this Action; for the purpose of the prosecution, defense, or settlement of the claims asserted in this Action, any trial and appeal of this Action and the enforcement of any award or judgment based on such claims, and for no other purpose.

       7.     "Confidential Information" produced pursuant to this Order may be disclosed or made available only to counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such counsel), to a trier of fact or law in any forum in which the claims asserted in this Action may be adjudicated or enforced and the administrators of that forum, and to "Qualified Persons."  A Qualified Person is a person who falls into one of the categories set forth below:

      (a)     A Party, or a current or former officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action;

      (b)     Experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense or settlement of this Action, who execute **Attachment A**; provided; however, prior to disclosure to an expert or consultant, the Party that wishes to make the disclosure shall determine whether that expert or consultant has worked for a competitor discount variety retailer during the previous five (5) years and, if so, shall require the expert or consultant to execute the Authorization attached to this Stipulation as **Attachment A**, affirming that the opposing Party's Confidential Information shall not be revealed outside this litigation to the expert or consultant's own clients.

      (c)     Witnesses testifying at deposition or at any hearing in this matter either during their testimony or in preparation therefore; however, if a witness refuses to sign the Nondisclosure Agreement, the Parties shall meet and confer with each other and, if necessary, submit the issue to the Court prior to the disclosure to the witness of any "Confidential Information;"

      (d)     Any person to whom disclosure is reasonably necessary to enforce any award or judgment rendered against any Party in this proceeding; and

      (e)     Any other person ordered by the Court or as to whom all Parties in writing agree.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    4.    CASE NO. 11-CV-01433 KJM CKD

8. Any person or entity to whom "Confidential Information" is disclosed pursuant to Subparagraphs 7 (a)-(e), above, shall, prior to receiving such Confidential Information, be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form set forth in **Attachment A** hereto, such forms to be maintained by counsel for the Party sharing "Confidential Information" and undertaking to have such forms executed.

9. On the request of any Party, any person who is not a Qualified Person shall be excluded from any deposition during the period in which "Confidential Information" is used, referred to or discussed.

10. The restrictions set forth in this Order shall not:

(a) Apply to any discovery matter which a Party can show was lawfully possessed, obtained, or developed by it other than through discovery in this Action;

(b) Apply to any information which lawfully is or lawfully becomes public knowledge in a manner that is not in violation of this Order;

(c) Operate as an admission by the recipient that any of the information contains or reflects "Confidential Information;"

(d) Prejudice in any way the right of any Party or non-party to object on any basis to the production of discovery matter it considers not subject to discovery;

(e) Prejudice in any way the right of any Party or non-party to seek a determination from the Court as to whether particular information shall be produced;

(f) Prevent the Parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to any "Confidential Information;"

(g) Prejudice in any way the right of any Party or non-party to seek such additional or other protection as that Party may deem appropriate with regard to the confidentiality of the information;

(h) Be construed to require any Party to produce information that it considers privileged or otherwise not subject to discovery; and,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    5.    CASE NO. 11-CV-01433 KJM CKD

(i) Be deemed a waiver of any objections a Party otherwise would have to any discovery request propounded in this Action or a waiver of any third party's claim to right of privacy.

11. Any Party believing in good faith that materials designated as "Confidential" by another is public or is otherwise not entitled to such designation may at any time advise the designating Party of that belief in writing, providing a brief statement of the basis for that belief, with service on all other Parties. The Party that designated the materials as "Confidential" shall have twenty-one (21) days from the receipt of such written notice to apply to the Court for an order confirming the confidentiality designation or to seek a separate protective order regarding the document or information contained therein. The designating Party shall bear the burden of showing that the materials in question qualify for protection under applicable law. If following a duly noticed motion pursuant to Local Rule 302, the Magistrate Judge sustains the designation; the provisions of this Protective Order shall continue to apply. If following a duly noticed motion, the Magistrate Judge denies the designation; the materials in question shall no longer be subject to the provisions of this Protective Order. Should the designating Party fail to move to confirm its designation with the Magistrate Judge pursuant this Paragraph, the materials in question shall no longer be subject to the provisions of this Protective Order. Any information or documents designated as "Confidential Information," which have been challenged pursuant to this paragraph shall be treated as "Confidential Information" in accordance with the terms of this Protective Order until: (i) twenty-one (21) days from the receipt of such written notice challenging the designation have elapsed without the designating Party moving for an order from the Magistrate Judge confirming such designation; or (ii) if the designating Party has moved for an order confirming the designation, the Magistrate Judge rules otherwise. A Party does not, however, waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12. Pursuant to the Court's Status (Pretrial Scheduling) Order on file herein [Docket No. 32], should any Party desire to file with the Court any document that is redacted or that has been marked as "Confidential" or such that the document is subject to sealing, that Party must

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    6.    CASE NO. 11-CV-01433 KJM CKD

provide the designating Party with sufficient notice in advance of such filing to allow the designating Party to seek an order of sealing or redaction from the Court. *Id.* at VII. *See also* Local Rules 140 and 141. A Party seeking to submit documents in redacted form must seek a protective order or order authorizing redaction pursuant to Local Rule 140. For documents a Party wishes to seal, the designating Party shall prepare a "Notice of Request to Seal or Redact Documents," a Request to Seal or Redact Documents," a proposed order, and all documents covered by the Request as required pursuant to Local Rule 141(b).

13. All "Confidential Information" produced in this proceeding shall be used by the Party to whom such documents are produced solely for purposes of the investigation and/or resolution of the claims arising in this Action, any trial and appeal of this Action, and the enforcement of any award thereon and for no other purpose.

14. Pursuant to Federal Rules of Evidence, Rule 502(d) and (e), the Parties agree to and the Court orders, protection of privileged (including by the work product doctrine) documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this Action, whether pursuant to a Court Order, a party's discovery request, or informal production, as follows:

(a) The inadvertent production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, and work product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information;

(b) The inadvertent production of any document in this Action shall not result in the waiver of any privilege, evidentiary protection, or work product associated with such document as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

(c) If, during the course of this Action, a Party determines that any document produced by another Party is on its face subject to a legally recognizable privilege, the Receiving Party shall: (i) refrain from reading the document any more closely than is necessary to ascertain that

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER   7.   CASE NO. 11-CV-01433 KJM CKD

1   it is privileged;  (ii) immediately notify the Producing Party in writing that it has discovered
2   documents believed to be privileged or work product; (iii) specifically identify the documents by
3   Bates number range or hash value range, and, (iv) where possible, return, sequester, or destroy all
4   copies of such documents, along with any notes, abstracts or compilations of the content thereof,
5   within five (5) days of discovery by the Receiving Party.  Where such documents cannot be
6   destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.
7   Notwithstanding, the Receiving Party is under no obligation to search or review the Producing
8   Party's documents to identify potentially privileged or work product protected documents;

9            (d)    If the Producing Party intends to assert a claim of privilege or work product
10  protection over documents identified by the Receiving Party, the Producing Party will, within five
11  (5) business days of receiving the Receiving Party's written notification, inform the Receiving Party
12  of such intention in writing and shall provide the Receiving Party with a log for such document, data
13  or information that is consistent with the requirements of the Federal Rules of Civil Procedure,
14  setting forth the basis for the claim of privilege or work product protection, and in the event, if any
15  portion of the document does not contain privileged or work product  information, the Producing
16  Party shall also provide to the Receiving Party a redacted copy of the document that omits the
17  information that the Producing Party believes is subject to a claim of privilege or work product
18  protection;

19           (e)    If, during the course of this Action, a Party determines it has produced a
20  document protected from discovery by a legally recognized claim of privilege or work product
21  protection, the Producing Party may notify the Receiving Party of such inadvertent production in
22  writing, and demand the return of such documents.  Such notice shall be in writing, however, it may
23  be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing
24  Party's written notice will identify the document, data and/or information inadvertently produced by
25  bates number range or hash value range, the privilege or work product claimed, and the basis for the
26  assertion of the privilege and shall provide the Receiving Party with a log for such document that is
27  consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for
28  the claim of privilege or work product protection, and in the event any portion of the document that

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          8.          CASE NO. 11-CV-01433 KJM CKD

1  does not contain privileged or work-product information, the Producing Party shall also provide to
2  the Receiving Party a redacted copy of the document that omits the information that the Producing
3  Party believes is subject to a claim of privilege or work product protection.  After receiving such
4  written notification, the Receiving Party must, within five (5) business days of receiving the written
5  notification, return, sequester, or destroy the specified document and any copies, along with any
6  notes, abstracts, or compilations of the content thereof;

7         (f)    To the extent that an inadvertently produced document has been loaded
8  into a litigation review database, the Producing Party can elect to either (i) have the document
9  returned or destroyed *via* an extraction of the electronic copies from the database; or (ii) have the
10 document disabled from further use or otherwise rendered inaccessible to the Receiving Party in the
11 litigation review database.  If the Producing Party selections option (f)(i), it shall bear the costs of
12 the return or destruction of such electronic copies;

13        (g)    To the extent that the information contained in a document subject to a
14 claim of privilege or work product protection has already been used in or described in other
15 documents generated or maintained by the Receiving Party, then the Receiving Party will sequester
16 such documents until the claim has been resolved.  If the Receiving Party disclosed the specified
17 document before being notified of its inadvertent production, it must take reasonable steps to retrieve
18 the specified document. The Producing Party shall preserve the specified document until the claim is
19 resolved;

20        (h)    The Receiving Party's return, sequestering, or destruction of such
21 privileged or protected documents as provided herein will not act as a waiver of the Requesting
22 Party's right to move for the production of the returned, sequestered, or destroyed documents on the
23 ground that the documents are not, in fact, subject to a viable claim of privilege or protection.
24 However, the Receiving Party is prohibited and estopped from arguing that the production of the
25 documents in this matter acts as a waiver of an applicable privilege or work product protection, that
26 the disclosure of the documents was not inadvertent, that the Producing Party did not take reasonable
27 steps to prevent the disclosure of the privileged documents or that the Producing Party failed to take

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     9.    CASE NO. 11-CV-01433 KJM CKD

reasonable or timely steps to rectify the error pursuant to Federal Rules of Civil Procedure, Rule 26(b)(5)(B), or otherwise;

(i)     Either Party may submit the specified documents to the Court for *in camera* review for a determination of the claim of privilege or work product protection and will provide the Court with the grounds for the asserted privilege or work product protection.  During the Court's review, the Receiving Party may not use the documents for any purpose absent this Court's Order.  Any Party may request expedited treatment of any request for the Courts determination of the claim;

(j)     Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed; and,

(k)     Nothing contained herein is intended to, or shall serve to, limit a Party's right and obligation to conduct a review of documents for relevance, responsiveness, or the segregation of privileged and/or protected information.

15.     All "Confidential Information" shall be returned to the Producing Party as follows:

(a)     Within thirty (30) calendar days of the conclusion of the litigation by settlement, dismissal or entry of judgment, and subject to subparagraphs (c) and (d) below, all "Confidential Information" information, including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, shall be returned to the producing party, destroyed, or in the case of electronically-stored copies – erased.  Counsel for each Party shall additionally certify to counsel for the opposing Party, in writing and under penalty of perjury, that any and all such "Confidential Information," including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, or produced by the opposing Party, has been returned, destroyed, or in the case of electronically-stored copies – erased.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     10.     CASE NO. 11-CV-01433 KJM CKD

    (b) If "Confidential Information" information is furnished to outside experts or consultants pursuant to Paragraph 7(b), the attorney for the Party using such expert or consultant shall have the responsibility of ensuring, within thirty (30) calendar days of the termination of the litigation, that all such "Confidential Information" information including any and all copies (including electronically-stored copies), abstracts, summaries, physical media by which data was transmitted, and readable reports or output from the physical media by which data was transmitted, is returned to the producing Party, destroyed, or in the case of electronically-stored copies – erased, and so certifying in writing under penalty of perjury as provided in sub-part (a) above; and,

    (c) Counsel of record for the Parties may indefinitely retain one copy of any part of the "Confidential Information" information produced by others, that has become part of the official record of this Action, as well as abstracts or summaries of materials that reference "Confidential Information" information that contain counsels mental impressions or opinions.  Such copy shall remain subject to the terms of this Protective Order and shall not be used by the Receiving Party for any other purpose whatsoever, including but not limited to, other litigation.

   16. Under this Order, Professional Rule of Conduct 3-700 is inapplicable to the "Confidential Information" produced by an opposing Party in discovery; and no copies (electronic or otherwise) of an opposing party's "Confidential Information" shall be retained as part of any "client file" at the conclusion of this Action.

   17. This Order shall survive the final termination of this Action and the Court shall retain jurisdiction to enforce, construe, or modify its terms for three (3) years after the final disposition of this Action.

///
///
///
///
///
///
///
///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER   11.   CASE NO. 11-CV-01433 KJM CKD

18. Once executed by all Parties, the Stipulation shall be by treated by the Parties as an Order of the Court pending its formal approval by the Court.

THE FILER OF THE DOCUMENT ATTESTS THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS DOCUMENT.

Dated: August 23, 2012              Respectfully submitted,

*/s/Constance E. Norton*
MAUREEN E. MCCLAIN
CONSTANCE E. NORTON
AIMEE E. AXELROD
LITTLER MENDELSON, P.C.
A Professional Corporation

Attorneys for Defendant
DOLLAR TREE STORES, INC.

Dated: August 23, 2012              Respectfully submitted,

*/s/ Alfredo Torrijos*
DYLAN POLLARD
MATT C. BAILEY
POLLARD BAILEY

MIKE ARIAS
ALFREDO TORRIJOS
ARIAS, OZZELLO & GIGNAC, LLP

Attorneys for Plaintiff
LAURENCE E. STEVENSON

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: August 28, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER        12.        CASE NO. 11-CV-01433 KJM CKD

## ATTACHMENT A

As a condition to inspecting or otherwise using documents and information produced in the above-captioned Action entitled *Stevenson v. Dollar Tree Stores, Inc.*, I certify that I have read the attached Stipulation and Protective and FRE 502(d) & (e) Clawback Order (the "Stipulation and Order") regarding the handling of documents and information designated as "Confidential Information" and hereby agree to make no use of such documents and/or information except as permitted by the express terms of the Stipulation and Order, to make no disclosure of such documents and/or information to persons other than those who may have access to it under such Stipulation and Order, to not disclose Confidential Information to my clients other than the Party herein, to return all originals and all copies of such documents and/or information when required to do so under the Stipulation and Order, and otherwise to be bound by all of the terms and provisions of the Stipulation and Order.

Dated: _____   Signed:_____

Firmwide:113987852.1 061603.1031

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    13.    CASE NO. 11-CV-01433 KJM CKD